**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LATRIVIA ANN RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21 CV 81 MTS |
| | ) | |
| U.S. BANK N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Latrivia Ann Rice for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, Plaintiff will be directed to file an amended complaint according to the instructions set forth below.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action against defendants U.S. Bank N.A. and Robert D. Spickerman. The complaint is typewritten on a Court-provided civil complaint form. Attached to the complaint are seventy-four pages of exhibits, consisting of various financial statements, affidavits executed by Plaintiff, certified mail receipts, and an affidavit authored by an "expert witness" in a civil case out of the Circuit Court of Oakland County, Michigan.

Plaintiff asserts that federal question jurisdiction exists pursuant to 15 U.S.C. § 1601; 15 U.S.C. § 1681; 12 U.S.C. § 411; 12 U.S.C. § 412; and 31 U.S.C. § 3123. Doc. [1] at 3. She also indicates that diversity of citizenship jurisdiction exists as well. Doc. [1] at 4-5.

Plaintiff's "Statement of Claim" consists of a series of short, conclusory sentences. She alleges that on September 8, 2020, in Florissant, Missouri, defendants "[f]ailed to respond to claims in regards to a private consumer abode," and "[s]imulated legal process." Doc. [1] at 6. Plaintiff further contends that defendants harmed her due to foreclosure, telephonic harassment, defamation of character, and emotional and verbal abuse. She states that the foreclosure was unlawful, and that defendants apparently engaged in "[a]busive debt collection practices, [f]alse and misleading representations, [and] [m]ail [f]raud." Doc. [1] at 7. As a result, Plaintiff is seeking $7 million in damages. Doc. [1] at 6.

## Discussion

Plaintiff has filed a civil action against defendants U.S. Bank N.A. and Robert D. Spickerman. Because Plaintiff is proceeding in forma pauperis, the Court has reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that Plaintiff's complaint is subject to dismissal. However, Plaintiff will be given an opportunity to file an amended complaint according to the instructions set forth below.

### A.  Deficiencies in Complaint

Plaintiff's complaint is deficient because if fails to state a claim against either named defendant. Plaintiff relies wholly on vague and conclusory assertions. She states there was a failure "to respond to claims in regards to a private consumer abode," without providing any explanation or context as to what she means. Her list of wrongs, including statements about an unlawful foreclosure, defamation of character, verbal abuse, and telephonic harassment. These are all legal

or factual conclusions without any supporting facts and as such, are insufficient to state a claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Furthermore, Plaintiff does not mention either defendant in the "Statement of Claim." As such, there is no indication as to what U.S. Bank N.A. and Robert Spickerman did or did not do to harm her. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Here, Plaintiff has failed to give Defendants any notice of the nature and basis of her claims against them.

The Court notes that in the "Statement of Claim," Plaintiff refers to her attachments to demonstrate what Defendants did or did not do to harm her. This is not adequate to state a claim for relief. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The seventy-four pages of exhibits that have been attached to the complaint, some of them of unclear relevance, certainly do not constitute "a short and plain statement of the claim."

For all these reasons, Plaintiff's complaint is subject to dismissal. Rather than dismiss the complaint outright, she will be given the opportunity to file an amended complaint.

**B. Amendment Instructions**

Plaintiff should type or neatly print her amended complaint on the Court's civil complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended

complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring her amended complaint, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting her claim against that specific defendant. If Plaintiff is suing more than one defendant, she should follow the same procedure for each defendant.

The Court reiterates that Plaintiff cannot simply attach exhibits to her complaint and expect the Court or defendants to piece together her claim. Instead, Plaintiff must present factual allegations against **each** defendant that shows what that particular defendant did or did not do to harm her. The Court further emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928

(8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. Doc. [3]. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court notes that it is not convinced that Plaintiff has stated a non-frivolous claim, and has directed her to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis Doc. [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel Doc. [3] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if Plaintiff does not file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, this case will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of Plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 4th day of June, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE