## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LATRIVIA ANN RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21 CV 81 MTS |
| | ) |
| U.S. BANK N.A., et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Latrivia Ann Rice to issue summons. For the reasons discussed below, the motion will be denied.

### Background

Plaintiff is a self-represented litigant who filed a civil action with this Court on January 15, 2021. Doc. [1]. The complaint was brought pursuant to 15 U.S.C. § 1601; 15 U.S.C. § 1681; 12 U.S.C. § 411; 12 U.S.C. § 412; and 31 U.S.C. § 3123. Doc. [1] at 3. The "Statement of Claim" consisted of a series of short, conclusory sentences, in which she alleged that defendants "[f]ailed to respond to claims in regards to a private consumer abode," and "[s]imulated legal process." Doc. [1] at 6. Plaintiff further contended that defendants harmed her due to foreclosure, telephonic harassment, defamation of character, and emotional and verbal abuse. She stated that the foreclosure was unlawful, and that defendants apparently engaged in "[a]busive debt collection practices, [f]alse and misleading representations, [and] [m]ail [f]raud." Doc. [1] at 7. Attached to the complaint were seventy-four pages of exhibits. Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis.

On June 6, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis. Doc. [4]. Because plaintiff was proceeding in forma pauperis, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal. Specifically, the Court explained that plaintiff had failed to state a claim against either defendant. Doc. [4] at 6. There was no indication as to what either defendant did or did not do to harm her. Instead, plaintiff relied on wholly conclusory assertions, as well as a reference to the exhibits she had attached. In short, her pleadings did not comport with Rule 8 of the Federal Rules of Civil Procedure, which require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Rather than dismissing the case outright, the Court gave plaintiff the opportunity to file an amended complaint. Instructions were provided to give her guidance. A copy of the Court's civil complaint form was also sent to her. The Court gave plaintiff thirty days in which to comply, and advised that a failure to comply would result in the dismissal of the case without prejudice and without further notice.

On June 25, 2021, the Court received a change-of-address notice from plaintiff, as well as a "notice of continuance." Doc. [5]. The Court construed the "notice of continuance" as a motion for an extension of time in which to file her previously-ordered amended complaint. The Court granted the motion on June 13, 2021, and ordered plaintiff to file an amended complaint within thirty days. Doc. [6]. The amended complaint was due on August 12, 2021.

The August 12 deadline has passed, and plaintiff has not filed an amended complaint. However, on August 20, 2021, plaintiff filed a motion to issue summons, requesting that the Court issue summons on defendants. Doc. [7].

**Discussion**

Plaintiff is a self-represented litigant who has filed a civil action against U.S. Bank N.A. and Robert Spickerman. Because plaintiff is proceeding in forma pauperis, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was subject to dismissal, and directed her to file an amended complaint. Despite being given additional time in which to file her amended complaint, plaintiff has not complied with the Court's orders of June 4, 2021 or July 13, 2021. Instead, she has ignored the Court's directions and submitted a motion to issue summons.

Summons will not be issued until plaintiff has demonstrated that she has stated a claim that satisfies the requirements of 28 U.S.C. § 1915(e). In other words, the Court will **not** direct the Clerk of Court to issue summons until plaintiff has filed an amended complaint – as previously directed – that presents allegations sufficient to state a claim for purposes of initial review. Therefore, the motion will be denied.

Plaintiff will be given **twenty-one (21) days** from the date of this order in which to submit her amended complaint in accordance with the instructions set forth in the Court's order of June 4, 2021. If plaintiff does not comply with this order by filing an amended complaint within **twenty-one (21) days** of the date of this order, this action will be **dismissed** without prejudice and without further notice. The Court further advises plaintiff that failure to comply with any Court order may result in the dismissal of this action. *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that "[a] district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to issue summons Doc. [7] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's June 4, 2021 order Doc. [4].

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth in the Court's order of June 4, 2021.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this order, in accordance with the instructions set forth in the Court's June 4, 2021 order, this case will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 26th day of August, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

4