UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LATRIVIA ANN RICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21CV 81 MTS |
| U.S. BANK N.A., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On September 17, 2021, the Court granted plaintiff a thirty-day extension of time in which to file a previously-ordered amended complaint. Doc. [10]. Plaintiff was advised that a failure to file the amended complaint would result in the dismissal of this case without prejudice and without further notice. More than thirty days have passed, and plaintiff has submitted nothing further to the Court. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**Background**

Plaintiff is a self-represented litigant who filed a civil action in this Court on January 15, 2021. Doc. [1]. Her complaint named U.S. Bank N.A. and Robert D. Spickerman as defendants. The complaint was typewritten on a Court-provided civil complaint form. Attached to the complaint were seventy-four pages of exhibits, consisting of various financial statements, affidavits executed by plaintiff, certified mail receipts, and an affidavit authored by an "expert witness" in a civil case out of the Circuit Court of Oakland County, Michigan.

Plaintiff asserted that federal question jurisdiction existed pursuant to 15 U.S.C. § 1601; 15 U.S.C. § 1681; 12 U.S.C. § 411; 12 U.S.C. § 412; and 31 U.S.C. § 3123. Doc. [1] at 3. She indicated that diversity of citizenship jurisdiction existed as well. Doc. [1] at 4-5.

Plaintiff's "Statement of Claim" consisted of a series of short, conclusory sentences. She alleged that on September 8, 2020, in Florissant, Missouri, defendants "[f]ailed to respond to claims in regards to a private consumer abode," and "[s]imulated legal process." Doc. [1] at 6. Plaintiff further contended that defendants harmed her due to foreclosure, telephonic harassment, defamation of character, and emotional and verbal abuse. She stated that the foreclosure was unlawful, and that defendants apparently engaged in "[a]busive debt collection practices, [f]alse and misleading representations, [and] [m]ail [f]raud." Doc. [1] at 7. As a result, plaintiff sought $7 million in damages. Doc. [1] at 6.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis, and a motion to appoint counsel. Docs. [2] and [3].

On June 4, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis. Doc. [4]. Because plaintiff was proceeding in forma pauperis, the Court reviewed her complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that the complaint was subject to dismissal for three reasons.

First, the Court noted that plaintiff relied wholly on vague and conclusory assertions. For instance, she stated there was a failure "to respond to claims in regards to a private consumer abode," without providing any explanation or context as to what she means. Doc. [4] at 3. Her list of wrongs, including statements about an unlawful foreclosure, defamation of character, verbal abuse, and telephonic harassment, were all legal conclusions, without any supporting facts. Doc. [4] at 3-4. The Court noted that this was insufficient to state a claim. *See Torti v. Hoag*, 868 F.3d

666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

Second, the Court explained that plaintiff had not mentioned either defendant in the "Statement of Claim." Doc. [4] at 4. As such, there was no indication as to what U.S. Bank N.A. and Robert Spickerman did or did not do to harm her. "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Here, plaintiff had failed to give defendants any notice of the nature and basis of her claims against them.

Finally, the Court pointed out that in the "Statement of Claim," plaintiff referred to her attachments to demonstrate what defendants did or did not do to harm her. The Court determined that this was not adequate to state a claim for relief. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The seventy-four pages of exhibits that had been attached to the complaint, some of them of unclear relevance, certainly did not constitute "a short and plain statement of the claim."

Rather than dismissing outright, the Court gave plaintiff an opportunity to file an amended complaint. A Court-provided form was sent to her, and the Court's order contained instructions on how to properly amend. Plaintiff was given thirty days in which to comply, and advised that the failure to comply would result in the dismissal of this action without prejudice and without further notice. Doc. [4] at 7.

On June 25, 2021, plaintiff submitted a document that the Court construed as a motion for an extension of time in which to file her amended complaint. Doc. [5]. The motion was granted on July 13, 2021, and plaintiff was given thirty additional days from the date of the order in which to comply. Doc. [6]. She was once again advised that her failure to comply would result in the dismissal of her case without prejudice and without further notice. The amended complaint was due on or before August 12, 2021.

Instead of submitting an amended complaint as ordered, plaintiff filed a motion to issue summonses on August 20, 2021. Doc. [7]. The Court denied the motion on August 26, 2021. Doc. [8]. In the order, the Court explained that summonses would not be issued until plaintiff demonstrated that she had stated a claim that satisfied the requirements of 28 U.S.C. § 1915(e). The Court also noted that plaintiff had failed to comply with the order to submit an amended complaint, and that the deadline for so doing had expired. Nevertheless, the Court gave plaintiff an additional twenty-one days from the date of the order in which to submit her amended complaint in accordance with the instructions set forth in the Court's June 4, 2021 order. Plaintiff was again advised that failure to submit an amended complaint would result in the dismissal of this action without prejudice and without further notice.

On September 1, 2021, plaintiff filed a motion to continue, which the Court construed as a second motion for an extension of time to file an amended complaint. Doc. [9]. In her motion, plaintiff sought thirty days to prepare her amended complaint and file it with the Court.

The Court granted the motion on September 17, 2021, giving plaintiff thirty additional days from the date of the order to submit her amended complaint. Doc. [10]. To aid her compliance, the Court sent plaintiff a copy of the Court's civil complaint form, as well as a copy of the Court's

4

June 4, 2021 order. As before, plaintiff was advised that a failure to file an amended complaint would result in the dismissal of this action without prejudice and without further notice.

## Discussion

On September 17, 2021, the Court ordered plaintiff to file an amended complaint on a Court-provided form within thirty days. The amended complaint was due on or before October 17, 2021. In the Court order, plaintiff was warned that her failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file her amended complaint has expired. Indeed, the Court has given plaintiff substantially more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted an amended complaint, nor sought an extension of time in which to do so.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of September 17, 2021, and has not sought a further extension in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of September 17, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of December, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE